NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 15 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA MARIA MUNGUIA-GALINDO; SOFIA SANCHEZ-MUNGUIA, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-585 <br><br> Agency Nos. <br> A096-231-830 <br> A208-308-033 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2023**
Seattle, Washington

Before: BEA and BRESS, Circuit Judges, and OHTA, District Judge.***

Patricia Maria Munguia Galindo and her minor daughter, natives and

citizens of Mexico, petition for review of a Board of Immigration Appeals (BIA)

decision affirming an Immigration Judge (IJ) order denying their applications for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jinsook Ohta, United States District Judge for the Southern District of California, sitting by designation.

asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

We review the BIA's decision for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060, 1066 (9th Cir. 2021). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). We review questions of law de novo. *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the denial of asylum and withholding of removal. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma*, 9 F.4th at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)). To be eligible for withholding of removal, a petitioner must show a "clear probability" of such harm. *Id.* Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Id.* at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). "Absent evidence of past persecution, [a petitioner] must establish a well-founded fear of future persecution by showing both a subjective fear of future persecution, as well as an objectively reasonable possibility of persecution upon return to the country in question." *Duran-Rodriguez*, 918 F.3d at 1029 (quotation omitted).

In this case, substantial evidence supports the BIA's determination that

2

Petitioners failed to show past persecution or a well-founded fear of persecution. Munguia Galindo bases her claim for asylum on a death threat she received by phone from an unknown person, following the tragic murder of her sister. But the single threat was not "repeated, specific and combined with confrontation or other mistreatment." *Sharma*, 9 F.4th at 1062 (quotations omitted). On this record, it does not compel a finding of past persecution. *See id.*

In addition, substantial evidence supports the BIA's conclusion that Munguia Galindo's fear of future persecution was not objectively reasonable. *See Duran-Rodriguez*, 918 F.3d at 1029. Munguia Galindo testified that she lived in Mexico without incident for two months after the threatening phone call, and that she has continued her investigation into her sister's murder from the United States, without receiving any renewed threats. Munguia Galindo's late sister's adult daughters still live in Mexico, and there is no indication that they have been harmed. *See Sharma*, 9 F.4th at 1066 ("The ongoing safety of family members in the petitioner's native country undermines a reasonable fear of future persecution."). Considered as a whole, the record does not compel a finding of a likelihood of past persecution or a well-founded fear of future persecution. And because substantial evidence supports the denial of asylum, petitioners necessarily failed to meet the higher showing for withholding of removal. *See id.*

2. Substantial evidence also supports the BIA's determination that petitioners failed to meet the nexus requirement for asylum and withholding of removal. To be eligible for asylum, the petitioners must show that a protected

3

ground "was or will be at least one central reason" for the persecution. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding of removal, petitioners must show that a protected ground was "a reason" for the harm or contemplated harm. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

Munguia Galindo testified that her sister was killed because her sister's restaurant refused to serve food to gang members until they paid their bills. Munguia Galindo then received a threatening phone call to stop her from investigating the murder. But as the BIA concluded, the record does not indicate that Munguia Galindo was threatened on account of her family membership, as opposed to her investigation. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (finding that the petitioner's testimony showed only a fear of "individual retaliation" and "not persecution on account of membership in a distinct social group"). Accordingly, the record does not compel the conclusion that any persecution against petitioners would be "on account of" or "because of" a protected ground.[1] *See* 8 U.S.C. §§ 1101(a)(42)(A), 1231(b)(3)(A).

3. Substantial evidence also supports the BIA's denial of CAT relief. "To qualify for CAT relief, a petitioner must show that she more likely than not will be tortured if she is removed to her native country." *Vitug v. Holder*, 723

---

[1] Munguia Galindo claims she is entitled to asylum as a political whistleblower, but, as she concedes and as the government notes, Munguia Galindo failed to raise this claim before the IJ. *See* 8 U.S.C. § 1252(d)(1). Munguia Galindo has not offered any compelling explanation for her failure to exhaust this argument. We therefore do not consider it further.

F.3d 1056, 1066 (9th Cir. 2013). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official." *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.18(a)(1)). "Because the BIA could reasonably conclude that [Petitioners'] past harm did not rise to the level of persecution, it necessarily falls short of the definition of torture." *Id.* And just as Petitioners have not demonstrated an objectively reasonable fear of future persecution, they also have not established an "objectively reasonable fear of future torture." *Id.*

**PETITION DENIED.**